## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

In re:                                          )
                                                )
Sandra Rosemary Oldenburg,                      )   Bankruptcy Case No. 23-13858-JGR
Lee Michael Oldenburg                           )
                                                )
Debtor.                                         )

---

## OBJECTION TO CONFIRMATION

---

COMES NOW, Creditor Carlson Farms Homeowner's Association, a Colorado nonprofit corporation (the "**Association**") moves here by objects to Confirmation of the Plan filed by Sandra Rosemary Oldenburg and Lee Michael Oldenburg ("**Debtors**") and in support thereof states as follows:

1.      Debtors' budget indicates only a surplus of $700. This is even with spartan expenses including only $400 for monthly food and housekeeping supplies and $200 for monthly transportation for a family of four people. Despite this Debtors propose a plan payment of $2,366.00. This is approximately 3 times the amount of available disposable income on a very tight budget. Upon information and belief Debtor Sandra Oldenburg's primary source of income, NOCO Real Estate Solutions ("**NOCO**"), is experiencing financial difficulty. It is unclear if the income reported for NOCO is sustainable. Upon information and belief Debtor Sandra Oldenburg is one of the owners of NOCO. Debtor should provide financial statements of NOCO which shows how she derived the $6,000.00/mo estimate. Debtor should provide proof and evidence of the withholdings that were scheduled on I. Debtor should provide financials or other information including bank statements/financials indicating that NOCO is financially viable for the length of the plan. The Plan is not feasible. 11 U.S.C. §1325(a)(6).

2.      The Plan is not filed in good faith. Form 122C-1 demonstrates that the creditor could have filed for a Chapter 7. Instead they filed for a Chapter 13. Debtors overstate the cost of sale for their jewelry and sporting equipment. The Debtors filed this plan in order to frustrate the Associations ability to prosecute its claim in the state courts. The debtors ability to earn future income is questionable. Upon information and belief there are other homeowners associations which may not have been noticed which have similar claims against the Debtor. In re Melendez, 597 B.R. 647, 658 (Bankr. D. Colo. 2019)(within the Tenth Circuit the courts use the totality of the circumstances test to evaluate good faith); See also 11 U.S.C. §1325(a)(4).

WHEREFORE, the Association request that the Court deny confirmation and for such other relief as the Court deems appropriate.

Dated: November 21, 2023

Respectfully submitted,


*/s/ Robertson B. Cohen*
Robertson B. Cohen, Esq. #35252
Cohen & Cohen, P.C.
1720 S. Bellaire St., Suite 205
Denver, CO 80222
Phone: (303) 933-4529
Fax: (866) 230-8268
rcohen@cohenlawyers.com

*Counsel for Movant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 21, 2023 copies of the foregoing were electronically served via the Court's CM/ECF electronic service system pursuant to L.B.R. 9036-1(a) on the following:

David M. Serafin, Counsel for Debtor
Adam Goodman, Chapter 13 Trustee


*/s/      Robertson Cohen*
Robertson Cohen

-2-