# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| Sandra Rosemary Oldenburg, | ) Bankruptcy Case No. 23-13858-JGR |
| Lee Michael Oldenburg | ) |
| | ) |
| Debtor. | ) |

# OBJECTION TO CONFIRMATION

COMES NOW, Creditor Carlson Farms Homeowner's Association, a Colorado nonprofit corporation (the "**Association**") moves here by objects to Confirmation of the Plan filed by Sandra Rosemary Oldenburg and Lee Michael Oldenburg ("**Debtors**") and in support thereof states as follows:

1. The Plan is not feasible. Upon information and belief Debtor Sandra Oldenburg's primary source of income, NOCO Real Estate Solutions ("**NOCO**"), is experiencing financial difficulty and may or may not be operating. Upon information and belief Debtor Sandra Oldenburg is one of the owners of NOCO.

2. Undersigned has received four (4) separate phone calls from other home owners associations inquiring about the status of this case where the individuals have alleged malfeasance of debtor and others via NOCO.

3. Indeed, the Association has filed a state court case for fraud against Debtor alleging, amongst other things, that Debtor via NOCO misappropriated approximately $400,000 of their funds. See Motion for Relief from Stay at Docket No. 29.

4. Recently NOCO was featured in the local news whereby it was confirmed that a police investigation is ongoing.[1]

5. If there are other home owners associations with claims against NOCO and the debtor those should be disclosed. No other HOA was listed in Schedules D/E/F. The deadline to file a proof of claim has passed. As such any future claims would not be subject to this plan. If the other HOA's also file suit against NOCO and/or the Debtor that could strongly

---

[1] https://www.9news.com/article/news/investigations/loveland-hoa-funds-investigation-police/73-262da119-8773-4577-9a1e-14957d1a1d18?fbclid=IwAR1cYTs0nFYRLdEhN6tOL1TzCTv4pJZkK22FOu_Jmx2DRfF1x5r1jocNPgQ_aem_AUoqr0GgIvKHJzhAW2q9T26jVYBZ1E6D98RnH4ZHtbnyah6o15r8JYTf92jX-5wm86A#lrkvpx45go3xpd6oncq

impact feasibility as debtor or NOCO would be forced to incur significant costs thereto. Debtors should disclose any demands or allegations made against her/them or any related entities for mal-feasance which were not disclosed in the initial schedules in order to properly evaluate the viability of NOCO going forward.

6. Debtors' income appears to be largely reliant on NOCO funds. Again, it is unclear if the income reported for NOCO is sustainable. Debtor should disclose enough information with regards to the criminal investigation which would allow the Trustee and the creditors to properly evaluate and determine the feasibility of NOCO's ability to produce income. Debtor should provide financial statements of NOCO which evidence her estimated $7,500/mo income. Debtor should provide proof and evidence of the withholdings that were scheduled on I. Debtor should provide financials or other information including bank statements/financials indicating that NOCO is financially viable for the length of the plan.

7. Recently a motion for relief from stay was filed which alleges that Debtors have not paid the last five (5) months of their post-petition mortgage payments. The Plan has only been pending for 5 months. Based on the objection filed by the Chapter 13 Trustee Debtors have not made their plan payments. The Plan is not feasible. 11 U.S.C. §1325(a)(6).

8. The Plan is not filed in good faith. The plan is self-serving. Debtors propose to pay approximately $50,000 to their non-dischargeable tax liability and provide for only $973.00 to the rest of their, disclosed, creditors. This is effectively a 0% plan. Form 122C-1 demonstrates that the debtors could have filed for a Chapter 7. Instead they filed for a Chapter 13. Debtors overstate the cost of sale for their jewelry and sporting equipment. The Debtors filed this plan in order to frustrate the Association's ability to prosecute its claim in the state courts. The Debtors ability to earn future income is questionable. Upon information and belief there are other homeowners associations which may not have been noticed which have similar claims against the Debtor. In re Melendez, 597 B.R. 647, 658 (Bankr. D. Colo. 2019)(within the Tenth Circuit the courts use the totality of the circumstances test to evaluate good faith); See also 11 U.S.C. §1325(a)(4).

WHEREFORE, the Association request that the Court deny confirmation and for such other relief as the Court deems appropriate.

Dated: January 25, 2024

Respectfully submitted,

/s/ Robertson B. Cohen
Robertson B. Cohen, Esq. #35252
Cohen & Cohen, P.C.
1720 S. Bellaire St., Suite 205
Denver, CO 80222
Phone: (303) 933-4529

Fax: (866) 230-8268
rcohen@cohenlawyers.com

*Counsel for Carlson Farms HOA*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 25, 2024 copies of the foregoing were electronically served via the Court's CM/ECF electronic service system pursuant to L.B.R. 9036-1(a) on the following:

David M. Serafin, Counsel for Debtor
Adam Goodman, Chapter 13 Trustee

*/s/ Robertson Cohen*
Robertson Cohen