## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| Sandra Rosemary Oldenburg, | ) Bankruptcy Case No. 23-13858-JGR |
| Lee Michael Oldenburg | ) |
| | ) |
| Debtor. | ) |

## OBJECTION TO CONFIRMATION

COMES NOW, Creditor Carlson Farms Homeowner's Association, a Colorado nonprofit corporation (the "**Association**") moves here by objects to Confirmation of the Plan filed by Sandra Rosemary Oldenburg and Lee Michael Oldenburg ("**Debtors**") and in support thereof states as follows:

1. The Plan is not feasible. Upon information and belief the spouse is under criminal investigation based on her actions related to her prior entity, NOCO Real Estate Solutions ("**NOCO**"). Undersigned has received four (4) separate phone calls from other home owners associations inquiring about the status of this case where the individuals have alleged malfeasance of debtor and others via NOCO. Indeed, the Association has filed a state court case for fraud against Debtor alleging, amongst other things, that Debtor via NOCO misappropriated approximately $400,000 of its funds. See Motion for Relief from Stay at Docket No. 29.

2. Recently NOCO was featured in the local news whereby it was confirmed that a police investigation is ongoing.[1]

3. If there are other home owners associations with claims against spouse those be disclosed. No other HOA was listed in Schedules D/E/F. The deadline to file a proof of claim has passed. As such any future claims would not be subject to this plan. If the other HOA's also file suit against NOCO and/or the Debtor that could strongly impact feasibility as debtor or NOCO would be forced to incur significant costs thereto. Debtors should disclose any demands or allegations made against her/them or any related entities for mal-feasance which were not disclosed in the initial schedules in order to properly evaluate the viability of NOCO going forward.

---

[1] https://www.9news.com/article/news/investigations/loveland-hoa-funds-investigation-police/73-262da119-8773-4577-9a1e-14957d1a1d18?fbclid=IwAR1cYTs0nFYRLdEhN6tOL1TzCTv4pJZkK22FOu_Jmx2DRfF1x5r1jocNPgQ_aem_AUoqr0GgIvKHJzhAW2q9T26jVYBZ1E6D98RnH4ZHtbnyah6o15r8JYTf92jX-5wm86A#lrkvpx45go3xpd6oncq

4. Recently a motion for relief from stay was filed which alleges that Debtors have not paid the last five (5) months of their post-petition mortgage payments. The Plan has only been pending for 5 months. Based on the objection filed by the Chapter 13 Trustee Debtors have not made their plan payments. The Plan is not feasible. 11 U.S.C. §1325(a)(6).

5. The Plan is not filed in good faith. Spouse engaged in fraud against the Association and is likely facing criminal chargers. Additionally the plan is self-serving. Debtors propose to pay approximately $50,000 to their non-dischargeable tax liability and provide for only $3,674.00 to the rest of their, disclosed, creditors. This is effectively a 0% plan. The Amended Form 122C-1 recently filed demonstrates that the debtors could have filed for a Chapter 7. Instead they filed for a Chapter 13. The Debtors filed this plan in order to frustrate the Association's ability to prosecute its claim in the state courts. The Debtors ability to earn future income is questionable. Upon information and belief there are other homeowners associations which may not have been noticed which have similar claims against the Debtor. In re Melendez, 597 B.R. 647, 658 (Bankr. D. Colo. 2019)(within the Tenth Circuit the courts use the totality of the circumstances test to evaluate good faith); See also 11 U.S.C. §1325(a)(4).

WHEREFORE, the Association request that the Court deny confirmation and for such other relief as the Court deems appropriate.

Dated: March 14, 2024

Respectfully submitted,

*/s/ Robertson B. Cohen*
Robertson B. Cohen, Esq. #35252
Cohen & Cohen, P.C.
1720 S. Bellaire St., Suite 205
Denver, CO 80222
Phone: (303) 933-4529
Fax: (866) 230-8268
rcohen@cohenlawyers.com

*Counsel for Carlson Farms HOA*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 14, 2024 copies of the foregoing were electronically served via the Court's CM/ECF electronic service system pursuant to L.B.R. 9036-1(a) on the following:

David M. Serafin, Counsel for Debtor

Adam Goodman, Chapter 13 Trustee

                                              */s/     Robertson Cohen*
                                              Robertson Cohen